State vs. Buisseau.

No. 9622.

### THE STATE OF LOUISIANA VS. F. BUISSEAU.

In this suit for license on the business of "selling at retail," the defendant is described as "conducting the business of butcher in the Ninth Street Market, whose receipts exceed $1000." Objection to this variance cannot avail, in absence of any note of evidence in the transcript, because we know that butchers in public markets do sell meats at retail, and it may have been proved that defendant followed such a business.

A butcher, in so far as he slaughters and dresses animals, may possibly be classed as a la-

borer or mechanic, but as such branches of his business cannot lawfully be pursued in the public markets of New Orleans, and as we have no note of the evidence received below, we cannot apply the exemption invoked under art. 206 of the Constitution.

A PPEAL from the Second City Court of New Orleans.
Voorhies, J.

*John McEnery* and *W. B. Sommerville* for the State, Appellee.

*B. R. Forman* for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. Defendant was sued for a license of five dollars under allegations that he " is conducting the business of butcher in the Ninth Street Market without any license, and that his gross receipts exceed $1000."

He opposed the rule on three grounds :

1. That it disclosed no cause of action.

2. That the license law imposed no license upon a butcher.

3. That defendant is a laborer and follows a mechanical pursuit, and is exempt under art. 206 of the Constitution.

The law imposes a license upon " every business of selling at retail." A person conducting the business of · butcher in a public market, ordinarily sells meat at retail.

In absence of any note of evidence found in the transcript, it may well be that testimony offered without objection, may have satisfied the court that defendant was pursuing the very kind of business contemplated by the statute.

A butcher may be, in certain circumstances, a laborer or mechanic, in so far as he slaughters and dresses the meat of animals, but as such business cannot be lawfully conducted in the public markets of New Orleans, and as butchers may and do conduct the business of selling meats in such markets, *non constat* that the evidence may not have established to the satisfaction of the court below that defendant was engaged in the latter business in such manner as to be liable for the license.

Judgment affirmed.